19131. MATHIS *v.* FULTON INDUSTRIAL CORPORATION.

DECIDED JULY 31, 1929.

*R. R. Jackson, C. E. Moore,* for plaintiff in error.
*Tillou Von Nunes, Irma Von Nunes, B. E. Baker,* contra.

BLOODWORTH, J. The Fulton Industrial Corporation instituted, in the municipal court of Atlanta, an action of trover to "recover one Hudson coach" in the possession of W. D. Mathis, which it al-

leged he had "sold, conveyed, and assigned" to it by "a bill of sale to secure a loan." The defendant admitted possession of the property sued for, but denied that the title or right of possession thereto was in the plaintiff, because the bill of sale under which the plaintiff claimed was made to secure a debt while the plaintiff was "engaged in the business of making loans in sums of less than $300 at a rate of interest greater than eight per cent. per annum," and that the plaintiff "has not complied with the law in such cases made and provided, which would entitle said plaintiff to make and enforce contracts for loans at rates of interest greater than eight per cent. per annum, and therefore the alleged bill of sale under which plaintiff claims the property sued for is void and passes no title to said property into the plaintiff." During the trial of the case the plaintiff offered in evidence a license issued to it by "A. B. Mobley, Superintendent of Banks and Licensing Official." This was objected to on the ground that the State superintendent of banks was not authorized as a licensing official to issue to "small-loan dealers" the license provided for by the act approved August 17, 1920. The objection was overruled and the evidence admitted. This ruling was complained of in a petition for certiorari, and the certiorari was overruled by the superior court. The case came to this court, and this court certified to the Supreme Court the following question: "Is the superintendent of banks, who is appointed and holds office under the act of the General Assembly approved August 16, 1919 (Ga. L. 1919, p. 135 et seq.), authorized to issue the license referred to in section 1 of the act approved August 17, 1920 (Ga. L. 1920, p. 215 et seq.)?" The following is the head-note to the opinion of the Supreme Court: "The superintendent of banks is authorized to issue the license provided by the terms of the act approved August 17, 1920 (Ga. L. 1920, p. 215), and to perform all other acts previously devolving upon the State bank examiner under the provisions of sections 2279 and 2280 of the Code of 1910. Although the licensing official in the terms of the act of 1920 was designated as the State bank examiner when in fact no such official existed at the time of the passage of the act, it is manifest that the General Assembly intended to place the class of lenders authorized by the enactment under the supervision of the State banking department as created by the act of 1919, and in giving effect to the legislative intention it follows that the duty of issuing

the license provided for must be construed to refer to the superintendent of banks." For full opinion see 168 *Ga.* 719 (149 S. E. 35). Under this ruling of the Supreme Court the judge presiding in the municipal court of Atlanta did not err on the trial of the case in admitting in evidence the license issued to Fulton Industrial Corporation by "A. B. Mobley, superintendent of banks," and the judge of the superior court properly overruled the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*